Filed 4/7/25  P. v. Rosiles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C100147 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF110000598 ) |
| v. | |
| FRANK RENE ROSILES, | |
| Defendant and Appellant. | |

Defendant Frank Rene Rosiles appeals from a postjudgment order denying his request for recall and resentencing pursuant to Penal Code section 1172.75.[1]  We will dismiss the appeal for lack of jurisdiction.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2012, after Rosiles pled no contest to multiple offenses and admitted that he had served two prior prison terms, the trial court sentenced him to state prison for an aggregate determinate term of four years eight months, and a consecutive indeterminate term of seven years to life. The determinate term included two 1-year enhancements for prior prison terms (§ 667.5, former subd. (b)) and the indeterminate term was for aggravated kidnapping.

"Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply and effective in 2022, enacted a statute allowing for resentencing in certain cases." (*People v. Superior Court* (*Williams*) (2024) 102 Cal.App.5th 1242, 1249, review granted Aug. 28, 2024, S286128.) Apparently in response to a communication from the Department of Corrections and Rehabilitation (CDCR) that Rosiles was eligible for this resentencing relief under section 1172.75, the trial court struck Rosiles's prior prison term enhancements, confirming with defense counsel in an August 2022 hearing that he sought no other changes to Rosiles's sentence. Rosiles did not appeal that new criminal judgment.

With the assistance of counsel in November 2023, Rosiles filed a petition requesting *full* resentencing under section 1172.75, during which the trial court would reconsider all aspects of his original sentence in light of changes in the law that reduce punishment and/or provide for judicial discretion to reduce punishment and his postconviction record of rehabilitation. Among the changes in sentencing law that Rosiles highlighted in the 2023 petition was that, when considering whether to strike enhancements from a defendant's sentence in the interests of justice pursuant to section 1385, trial courts must consider evidence offered by a defendant regarding certain enumerated mitigating circumstances. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1032.) In connection with that new duty, Rosiles asked the trial court either to strike his

indeterminate term for aggravated kidnapping or to reduce it to the lesser included offense of simple kidnapping. The People opposed the petition.

In a December 2023 hearing, the trial court acknowledged that Rosiles "certainly . . . [did] some excellent things" while incarcerated, but explained that it felt constrained to deny his petition because of decisions by this court. Rosiles timely appealed. His opening brief was filed in April 2024, and this case became fully briefed on January 3, 2025.

## DISCUSSION

## I

### *Trial Court Lacked Jurisdiction to Resentence Rosiles in 2023*

The People argue we should dismiss this appeal because the trial court never had jurisdiction to resentence Rosiles in 2023. Specifically, the People contend section 1172.75 gives a trial court jurisdiction to resentence a defendant "only upon notification from" CDCR, and the statute does not give a trial court jurisdiction to consider a defendant's petition for resentencing. The People reason that while the trial court had jurisdiction to resentence Rosiles in 2022 after receiving notification from CDCR that he had two legally invalid prior prison term enhancements as part of his sentence, it lost jurisdiction to recall that sentence by the time Rosiles filed his petition in November 2023. We agree with the People.

Rosiles contends that because he was entitled to a full resentencing when the trial court struck his prior prison term enhancements in 2022,[2] the trial court "retains jurisdiction" to resentence him until a full resentencing occurs. Because Rosiles cites no authority for that proposition, we are not persuaded.

---

[2] See *People v. Carter* (2023) 97 Cal.App.5th 960, 977 ("the Legislature intended that the full resentencing procedure in section 1172.75 should be applied to *all* sentences" (italics added)).

3

A.  *Legal Background*

Generally, trial courts are deprived of jurisdiction to resentence a criminal defendant once execution of a sentence has begun.  (*People v. King* (2022) 77 Cal.App.5th 629, 636, review den. July 27, 2022.)  There are some exceptions to this general rule.  (*Id.* at p. 637.)  Section 1172.75 provides the trial court with jurisdiction to resentence a defendant once CDCR has identified that the defendant is serving a term that includes a prison prior enhancement.  But the statute does not authorize a defendant to seek resentencing by filing a motion or petition.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.)

In 2023, when Rosiles filed and the trial court denied the petition for resentencing, another exception to the general rule was codified in section 1172.1, subdivision (a)(1), which provided:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary [CDCR] . . . , the court may, within 120 days of the date of commitment on its own motion [or] at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (Stats. 2022, ch. 58, § 9.)  Our Supreme Court has explained this provision "empowers a trial court to recall and vacate a prison sentence after commitment, but with two stated limitations.  First, the power may be exercised only upon the court's own motion, or upon recommendation of the [Secretary] of [CDCR] . . . .  Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

B.  *Analysis*

Here, CDCR apparently triggered the trial court's jurisdiction to resentence Rosiles in 2022.  The trial court struck the two 1-year enhancements for prior prison

4

terms, and Rosiles did not appeal.  More than one year later, Rosiles filed a 2023 petition for resentencing with the assistance of counsel.  The trial court had no jurisdiction to resentence Rosiles in response to his 2023 petition.  (*People v. Cota*, *supra*, 97 Cal.App.5th at p. 332; *People v. Newell* (2023) 93 Cal.App.5th 265, 268.)  And because the trial court lacked jurisdiction to resentence Rosiles, its order denying resentencing " 'is nonappealable, and any appeal from such an order must be dismissed.' "  (*People v. King*, *supra*, 77 Cal.App.5th at p. 634, review den.; see *Newell*, at pp. 266, 269.)

Rosiles cites no authority in support of his contention that the trial court in 2023 had jurisdiction to recall his sentence and conduct a full resentencing more than 120 days after it had already resentenced him and we are not persuaded by the conclusory argument.

II

*We Decline to Treat Appeal as Habeas Petition*

Rosiles contends that if we conclude the trial court lacked jurisdiction to consider his petition for resentencing, we should exercise our discretion to treat his appeal as a petition for writ of habeas corpus.  We decline to do so.

Rosiles invokes *People v. Jerome* (1984) 160 Cal.App.3d 1087 in support of this contention.  There, the appellate court considered the case of a criminal defendant who pled guilty to oral copulation of a minor under 14, even though the operative accusatory pleading "expressly alleged the victim was 15 years old."  Recognizing it was legally impossible for the defendant to have committed the crime he pled guilty to, the appellate court nevertheless explained the defendant could not challenge that legal impossibility in an appeal because he had not requested or obtained a certificate of probable cause, a prerequisite to challenging the factual basis of a guilty plea on appeal.  The solution was to treat the barred appeal as a habeas petition.  (*Id.* at pp. 1093-1095.)

The court explained:  " 'Where, as here, the record shows without doubt that a defendant has pleaded guilty to a crime which he did not commit, the courts should

5

hesitate to apply technical rules to prevent such defendant from obtaining relief.' [Citation.]  Guided by that admonition, we deem this to be a proper case to treat the nonappealable portion of the appeal as a petition for writ of habeas corpus."  (*People v. Jerome*, *supra*, 160 Cal.App.3d at p. 1095, fn. omitted.)  In a footnote, the court indicated it was acting to "prevent a fundamental miscarriage of justice," because the defendant's conviction could not "withstand scrutiny in any procedural context."  (*Id.* at p. 1095, fn. 4.)

Rosiles contends we "should take the same action" as the *Jerome* court, and "for the same reason."  But Rosiles's case is quite different than the situation in *Jerome*. Here, Rosiles does not contend that any of his convictions are legal impossibilities or that his sentence is illegal.  There is no fundamental miscarriage of justice that must be prevented.  Accordingly, we decline to exercise our discretion to treat the appeal as a habeas petition.

DISPOSITION

The appeal is dismissed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
KRAUSE, J.

6